1  TUCKER ELLIS & WEST LLP
   MICHAEL C. ZELLERS-STATE BAR NO. 146904
2  PETER E. SCHNAITMAN-STATE BAR NO. 218982
   SU-LYN COMBS-STATE BAR NO. 209834
3  TAE-YOON KIM-STATE BAR NO. 209934
   1000 Wilshire Boulevard, Suite 1800
4  Los Angeles, CA 90017-2475
   Telephone:  213.430.3400
5  Facsimile:  213.430.3409
   michael.zellers@tuckerellis.com
6  peter.schnaitman@tuckerellis.com
   su-lyn.combs@tuckerellis.com
7  tae.kim@tuckerellis.com

8
   Attorneys for Defendants
9  PFIZER INC., PHARMACIA CORPORATION
   and G.D. SEARLE LLC
10

11

12                 **UNITED STATES DISTRICT COURT**

13                 **EASTERN DISTRICT OF CALIFORNIA**

14

15  CAROL ANN DAVIES and HARRY    ) Case No. 2:06-CV-02768-MCE-DAD
    DAVIES,                       )
16                                )
           Plaintiffs,            ) **DEFENDANTS PFIZER INC.,**
17                                ) **PHARMACIA CORPORATION**
        v.                        ) **AND G.D. SEARLE LLC'S**
18                                ) **ANSWER TO COMPLAINT**
    MERCK & COMPANY, INC., a      )
19  corporation; McKESSON         ) **JURY DEMAND ENDORSED**
    CORPORATION, a corporation;   ) **HEREIN**
20  AMERISOURCEBERGEN DRUG        )
    CORPORATION, a corporation;   )
21  PFIZER, INC.; PHARMACIA       )
    CORPORATION; G.D. SEARLE LLC, )
22  (FKA G.D. SEARLE & CO.); DOES 1 )
    to 100; PHARMACEUTICAL        )
23  DEFENDANT DOES 101 to 200, and )
    DISTRIBUTOR DEFENDANT DOES    )
24  201 to 300, inclusive,        )
                                  )
25         Defendants.            )
                                  )
26  _____ )

27

28

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

_____
**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**
LAimanage / 28762 / 00002 / 583193 / 1 /

Defendants Pfizer Inc. ("Pfizer") (erroneously captioned as Pfizer, Inc.), Pharmacia Corporation, G.D. Searle LLC ("Searle") (erroneously captioned as G.D. Searle LLC, (fka G.D. Searle & Co.)) (collectively "Defendants") for themselves, submit this Answer to Plaintiffs' Complaint.

## 1(a) Causes Of Action and Parties Alleged in the Master Complaint:

1.    Paragraph 1 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 1, including subparts a through b, of Plaintiffs' Complaint.

2.    Defendants have insufficient information or knowledge concerning the citizenship of Plaintiffs, and therefore deny the same.

3.    Paragraph 3 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.    The allegations relating to Vioxx® are unrelated to Defendants and therefore no response is required.  To the extent a response is deemed required, Defendants have insufficient information or knowledge and therefore deny the same.  Defendants are without knowledge with regard to the Plaintiff's prescription and use of Celebrex® and/or Bextra®, and therefore deny the same.  Defendants deny the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.    The allegations relating to Vioxx® are unrelated to Defendants and therefore no response is required.  To the extent a response is deemed required, Defendants have insufficient information or knowledge and therefore deny the same.  Defendants are without knowledge with regard to the Plaintiff's prescription and use of Celebrex® and/or Bextra®, and therefore deny the same.  Defendants deny the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583193 / 1 /

6.     The allegations relating to Vioxx® are unrelated to Defendants and therefore no response is required.  To the extent a response is deemed required, Defendants have insufficient information or knowledge and therefore deny the same.  Defendants state that, at times relevant to this lawsuit, Bextra® and Celebrex® were safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge with regard to Plaintiff's allegations relating to any person's "reliance" referred to in paragraph 6.  Defendants deny the remaining allegations contained in paragraph 6, including subparts a through e, of Plaintiffs' Complaint.

7.     Defendants deny that Plaintiffs are entitled to the damages and relief requested in paragraph 7 of Plaintiff's Complaint.

## 1(b) Causes Of Action and/or Parties Not Alleged in the Master Complaint: ADDITIONAL DEFENDANTS

1.     Pfizer admits that it is a Delaware corporation with its principal place of business in New York, New York.  Further answering, Defendants admit that Pfizer merged with Pharmacia in April 2003.  Pfizer admits that, during certain periods of time, it marketed and co-promoted Celebrex® and Bextra®.  By way of further answer, Defendants state that paragraph 1 contains legal conclusions to which no answer is required.  Defendants deny the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.     Paragraph 2 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

3.      Pharmacia admits that it is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that in 1933 an entity known as Monsanto Company (”1933 Monsanto”) was incorporated under the laws of Delaware.  Defendants further admit that on March 31, 2000, a subsidiary of the 1933 Monsanto Company merged with Pharmacia & Upjohn, Inc. and the 1933 Monsanto Company changed its name to Pharmacia Corporation.  Pharmacia admits that, during certain periods of time, it marketed Celebrex® and Bextra®. By way of further answer, Defendants state that paragraph 3 contains legal conclusions to which no answer is required.  Defendants deny the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Searle admits that it is a wholly-owned subsidiary of Pharmacia Corporation, which is in turn a wholly-owned subsidiary of Pfizer.  Searle is a Delaware limited liability corporation with its principal place of business in Illinois.  Searle admits that during certain periods of time it tested, co-promoted and developed Celebrex® and Bextra®.  During certain periods of time, Celebrex® and Bextra® were manufactured and packaged for Searle.  By way of further answer, Defendants state that paragraph 4 contains legal conclusions to which no answer is required.  Defendants deny the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.      Defendants incorporate herein their responses to paragraphs 1, 3 and 4 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Paragraph 6 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

4.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

deemed required, Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.     Paragraph 8 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.     Paragraph 9 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     Defendants state that, at times relevant to this lawsuit, Bextra® and Celebrex® were safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     Paragraph 11 of Plaintiffs' Complaint states Plaintiffs' own assertions and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

12.     Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583193 / 1 /

13.    Defendants admit that Bextra® and Celebrex® are selective Cox-2 inhibitor non-steroidal anti-inflammatory drugs ("NSAID").  Defendants admit that Celebrex® received FDA approval on December 31, 1998.  Defendants further admit that Celebrex® is indicated for relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis.  Defendants state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.    Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 17 of Plaintiffs' Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Complaint, and therefore deny the same.

18.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 18 of Plaintiffs' Complaint and therefore, Defendants are

6.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint, and therefore deny the same.

19.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 19 of Plaintiffs' Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint, and therefore deny the same.

20.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 20 of Plaintiffs' Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint, and therefore deny the same.

21.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 21 of Plaintiffs' Complaint and therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint, and therefore deny the same.

22.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 22 of Plaintiffs' Complaint.  Defendants state that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.    Defendants state that the potential effects of Bextra® and Celebrex® were adequately described in their FDA-approved prescribing information, which were at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.    Plaintiffs fail to provide the proper context for the allegations contained in paragraph 24 of Plaintiffs' Complaint.  Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005, at the

7.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583193 / 1 /

request of the FDA.  Defendants deny the remaining allegations contained in paragraph 24 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against these Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.    This Court lacks personal jurisdiction over these Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs are barred from any recovery against these Defendants by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.    The Complaint is barred by reason of the doctrine of laches and by the fundamental unfairness and prejudice of the excessive and lengthy delay from the date of the alleged use of Bextra® and Celebrex® to the filing of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

6.    Any and all injuries suffered by Plaintiffs, the fact of which is expressly denied by these Defendants, were the direct and proximate result of

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

8.

LAimanage / 28762 / 00002 / 583193 / 1 /

sensitivities, medical conditions, reactions and/or idiosyncrasies peculiar to Plaintiff that were unknown, unknowable or not reasonably foreseeable to these Defendants, and not, as alleged, as a direct and proximate result of wrongful conduct on the part of these Defendants, the fact of which is expressly denied by these Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

7.    No act or omission of these Defendants was a substantial factor in bringing about the alleged injuries of Plaintiffs, nor was any such act or omission a contributing cause thereof, and any alleged acts or omissions of these Defendants were superseded by the acts or omissions of others, including Plaintiffs, which were the independent, intervening and proximate cause of any injury, damage, or loss sustained by Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Defendants state on information and belief that any injuries, losses or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the failure of Plaintiffs to exercise ordinary care and to follow the advice, information, warnings and/or instructions provided with the product and therefore, Plaintiffs' recovery, if any, must be diminished by the proportion of the negligence of Plaintiffs which proximately caused or contributed to the alleged injuries, losses or damages.

## NINTH AFFIRMATIVE DEFENSE

9.    Defendants state on information and belief that any injuries, losses or damages suffered by the Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than these Defendants.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.**
**SEARLE LLC'S ANSWER TO COMPLAINT**

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583193 / 1 /

### TENTH AFFIRMATIVE DEFENSE

10.    Defendants state on information and belief that Plaintiffs failed to mitigate Plaintiffs' injuries, losses or damages, if any, suffered as a result of the incident and facts set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiffs' alleged injuries and damages, if any, were the result of the misuse of Bextra® and Celebrex®.  Defendants further allege that if Plaintiff suffered injuries attributable to the use of Bextra® and Celebrex®, which allegations are expressly denied, the injuries, if any, were solely caused and attributable to the unreasonable, unforeseeable and improper use of said pharmaceutical product by Plaintiff and/or third parties.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs have failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to these Defendants in any possible future litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    The manufacture, distribution and sale of Bextra® and Celebrex® referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    To the extent that Plaintiffs assert claims based on these Defendants' alleged adherence or lack of adherence to and compliance with applicable federal

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

laws, regulations, and rules, such claims are preempted by federal law under the
Supremacy Clause of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiffs are barred from recovering against Defendants because
Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the
United States Constitution and by the Federal Food, Drug and Cosmetics Act
("FDCA"), 21 U.S.C. § 301 *et. seq.*, and regulations promulgated thereunder, with
the regulations promulgated by the FDA to implement the FDCA, with the
purposes and objectives of the FDCA and the FDA's implementing regulations,
and with the specific determinations by the FDA specifying the language that
should be used in the labeling accompanying the subject pharmaceutical products.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' claims are barred in whole or in part under the applicable
state law because Bextra® and Celebrex® are subject to and received pre-market
approval by the FDA under 52 Stat. 1040; 21 U.S.C. § 301.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiffs' claims are barred in whole or in part by the deference given
to the primary jurisdiction of the FDA over Bextra® and Celebrex® under
applicable federal laws, regulations, and rules.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs' claims are barred in whole or in part because there is no
private right of action concerning matters regulated by the FDA under applicable
federal laws, regulations, and rules.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

## NINETEENTH AFFIRMATIVE DEFENSE

19.     The warning, labeling, advertising and sale of Bextra® and Celebrex® complied at all times with the FDCA, 21 U.S.C. § 300 *et seq*. and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq*.  Consequently, Plaintiffs' Complaint is preempted by these acts and compliance with these acts constitutes a complete or partial defense to the allegations of Plaintiffs' Complaint against Defendants, including any claim for punitive damages.  Alternatively, Defendants are entitled to a presumption that Bextra® and Celebrex® are not defective or unreasonably dangerous and that their labeling was adequate.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     If Bextra® and Celebrex® manufactured or sold by these Defendants were involved in the incident alleged in the Complaint herein, which these Defendants deny, then and in that event, Bextra® and Celebrex® were not defective at the time that they left the control of these Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Applicable definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Bextra® and Celebrex® conformed to the then current state of the art. Further, the then current state of medical, scientific and industrial knowledge, art and practice was such that these Defendants did not know, and could not

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

reasonably have known, that Bextra® and Celebrex® might pose a risk of harm in normal and foreseeable use.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendants allege that Bextra® and Celebrex® were fit and proper for their intended purpose and that the utility of Bextra® and Celebrex® outweigh any possible risk inherent in the use of Bextra® and Celebrex®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendants are informed and believe and thereon allege that, at or about the times, dates and places mentioned in the Complaint, if any risk was attendant upon Plaintiffs, which Defendants deny, Plaintiffs knew full well of such risk, were warned of such risk and voluntarily, and without compulsion or coercion, encountered and assumed such risk.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Bextra® and Celebrex® have at all relevant times been available only upon the prescription of a licensed physician, and Plaintiffs' prescribing physicians stood in the position of the learned intermediaries between Defendants and Plaintiffs.  To the extent that Plaintiffs assert claims based on an alleged failure by Defendants to warn Plaintiffs directly of alleged dangers associated with Bextra® and Celebrex®, such claims are barred because Defendants have discharged their duty to warn in their warnings to the prescribing physicians, under the learned intermediary doctrine.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiffs' claims against Defendants are barred under § 6(c) of the Restatement of Torts (Third):  Products Liability.

13.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

LAimanage / 28762 / 00002 / 583193 / 1 /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' strict liability claims are barred by the unavoidably dangerous product defense stated in Comment k to § 402A of the Restatement (Second) of Torts.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of Bextra® and Celebrex® within the meaning of Comment j to § 402A of the Restatement (Second) of Torts.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims are barred in whole or in part because Bextra® and Celebrex® "provide[d] net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Defendants allege that in the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred since there was no reliance upon representations, if any, of these Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiffs' claims of fraud and concealment are barred by reason of Plaintiffs' failure to allege the circumstances constituting the alleged fraud and concealment with particularity.

14.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Defendants are informed and believe and thereon allege that Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance with any express representation.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable state provisions.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages; if any; (5) permits jury consideration of net worth or other financial information relating to these Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

15.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of these Defendants, no act or omission was oppressive, fraudulent, or malicious, and therefore, any award of punitive damages is barred.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' claims are barred in whole or in part because all acts or omissions by these Defendants (or their agents or representatives) were privileged or justified and any claim based thereon is barred.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiffs' claims are barred in whole or in part because Defendants have been improperly joined in this action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Plaintiffs were contributorily or comparatively negligent, which contributory or comparative negligence constitutes a proximate cause of harm to Plaintiffs.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

16.

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

**FORTIETH AFFIRMATIVE DEFENSE**

40.    Plaintiffs' claims are barred because the Plaintiff would have taken Bextra® and Celebrex® even if Bextra® and Celebrex® labeling contained the information that Plaintiffs contend should have been provided.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® and Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

42.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

43.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

44.    Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs herein.  Additionally, as a manufacturer and not a seller, Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between the Plaintiffs and Defendants.  If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give timely

17.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

notice of any breach thereof.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.    Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiffs' claims are barred in whole or part because they have been filed in an improper venue.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.    To the extent Plaintiffs seek restitution or damages on behalf of individuals who used Bextra® and Celebrex® and suffered no damage or loss as a result thereof, restitution or damages are unavailable as nothing has been taken from those individuals, who allegedly could have an equitable basis for restitution or damages.

### FORTY-NINTH AFFIRMATIVE DEFENSE

49.    Plaintiffs' claims for restitution for products previously used are barred in whole or in part because the Plaintiffs received benefits from the subject pharmaceutical products and nothing was wrongfully taken from such Plaintiffs.

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

## FIFTIETH AFFIRMATIVE DEFENSE

50.    Defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of investigation, discovery, or trial, and reserves the right to amend the Answer to assert such other defenses to which it may be entitled.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded its costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

DATED:  December 21, 2006          TUCKER ELLIS & WEST LLP


By:  __/S/  Tae-Yoon Kim_____
Tae-Yoon Kim

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, and G.D.
SEARLE LLC

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

1

## JURY DEMAND

2          Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby

3  demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of

4  the Federal Rules of Civil Procedure.

5  DATED:  December 21, 2006                TUCKER ELLIS & WEST LLP

6

7

8                                          By:   /S/  Tae-Yoon Kim
                                                Tae-Yoon Kim
9
                                                Attorneys for Defendants
10                                              PFIZER INC., PHARMACIA
                                                CORPORATION, and G.D.
11                                              SEARLE LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

20.
**DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D.
SEARLE LLC'S ANSWER TO COMPLAINT**

LAimanage / 28762 / 00002 / 583193 / 1 /

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action.  My business address is Tucker Ellis & West LLP, 1000 Wilshire Blvd., Suite 1800, Los Angeles, California 90017-2475.

     On December 21, 2006, I served the foregoing document **DEFENDANTS PFIZER INC., PHARMACIA CORPORATION AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** by placing a true and correct copy of each document thereof, enclosed in a sealed envelope(s), addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

(X)    I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( )    By Certified mail service return receipt requested, I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( )    By Personal Service, I caused such envelope(s) to be delivered by hand to the individuals so indicated at the address listed.

( )    By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es) or on the attached service list.

( )    By facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) named above or on the attached service list at the facsimile numbers given thereat.

(X)    I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

(X)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on December 21, 2006 at Los Angeles, California.


                      /S/   Maria Valdez
                     Maria Valdez

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

**PROOF OF SERVICE**

LAimanage / 28762 / 00002 / 583193 / 1 /

## SERVICE LIST

Theodore J. Holt, Esq.
David R. Zarka, Esq.
Alissa S. Holt, Esq.
HACKARD & HOLT
11335 Gold Express Drive, Suite 105
Gold River, CA 95670

Tel: 916.853.3000
Fax: 916.853.3010

*COUNSEL FOR PLAINTIFFS*

TUCKER ELLIS & WEST LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

2.

**PROOF OF SERVICE**

LAimanage / 28762 / 00002 / 583193 / 1 /